IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**CRAIG M. BRYANT,**

                **Petitioner,**

        v.                                   CASE NO. 06-3331-SAC

**STATE OF KANSAS, et al.,**

                **Respondents.**

### O R D E R

Petitioner proceeds pro se on a petition seeking a writ of habeas corpus under 28 U.S.C. § 2254, seeking habeas corpus relief from alleged constitutional error in his Kansas conviction on three charges of first degree murder. By an order dated December 5, 2006, the court directed petitioner to show cause why the petition should not be dismissed because it was not filed within the one year limitations period imposed by 28 U.S.C. § 2244(d)(1). Having reviewed petitioner's response, the court concludes the petition should be dismissed.

Petitioner's 2000 convictions became final, for the purpose of starting the one year limitations period pursuant to § 2244(d)(1)(A), in June 2002 upon expiration of the time for seeking certiorari review by the United States Supreme Court. See Locke v. Saffle, 237 F.3d 1269 (10th Cir. 2001). Petitioner recognizes that he had one year to seek relief under 28 U.S.C. § 2254 in the federal courts, or to toll the running of the limitations period by seeking post-conviction relief in the state courts. Petitioner also

recognizes that his state motion for post-conviction relief under K.S.A. 60-1507, filed in August 2003, was not within the one year limitation period allowed under 28 U.S.C. § 2244(d)(1).

Nonetheless, petitioner advances two arguments as to why he is entitled to federal habeas review of his petition.

First, petitioner contends his post-conviction motion was not filed within the one year period allowed under the Kansas statute, but was considered by the state courts pursuant to K.S.A. 60-1507(f)(2), a statutory provision that allows the one year period to be extended "only to prevent a manifest injustice."[1] Petitioner argues the federal court's limitation period in 28 U.S.C. § 2244(d)(1) should be applied in a manner to "harmonize" with this state court recognition of possible manifest injustice.

The premise of this argument is flawed, as it appears petitioner's post-conviction was timely filed.[2] The limitations period in K.S.A. 60-1507(f) became effective on preexisting claims, as in petitioner's motion, on July 1, 2003, the effective date of

---

[1] *See* K.S.A. 60-1507(f) Time limitations.
(1) Any action under this section must be brought within one year of: (i) The final order of the last appellate court in this state to exercise jurisdiction on a direct appeal or the termination of such appellate jurisdiction; or (ii) the denial of a petition for writ of certiorari to the United States supreme court or issuance of such court's final order following granting such petition.

(2) The time limitation herein may be extended by the court only to prevent a manifest injustice.

[2] Nor is there any reference to K.S.A. 60-1507(f)(2), or to plaintiff's action being untimely filed, in the state court opinions provided by plaintiff.

the amended statute.  Hayes v. State, 34 Kan.App.2d 157, 162 (2005). Thus under Kansas law, petitioner had until June 30, 2004, to file a timely K.S.A. 60-1507 motion.  Id.

Secondly, petitioner argues the running of the 90-day period for seeking certiorari review by the United States Supreme Court did not begin until his post-conviction motion for discovery, filed in May 2002 after the Kansas Supreme Court had entered its judgment and mandate in petitioner's direct appeal, was denied on or about June 27, 2002.  Using these dates, petitioner contends his conviction became final approximately September 25, 2002, for purposes of starting the one year limitations period in 28 U.S.C. § 2244(d)(1), and his post-conviction motion filed in August 2003 thus tolled the running of that limitations period.

The court disagrees.  "The time for appeal or application for a writ of certiorari to review the judgment of a State court in a criminal case shall be as prescribed by rules of the Supreme Court." 28 U.S.C. § 2101(d).  Rule 13 of the Rules of the Supreme Court of United States provides that "a petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by a state court of last resort ... is timely when it is filed with the Clerk of [the Supreme] Court within 90 days after entry of the judgment." In petitioner's case the 90 day period for filing a petition for certiorari review did not begin to run until March 19, 2002, the date the Kansas Supreme Court's denied petitioner's motion for rehearing. See Supreme Court Rule 13(d).  There is no provision in Supreme Court Rule 13 for extending the start date of 90 day period

3

as petitioner advocates.

Accordingly, for the reasons stated herein and in the Order entered on December 5, 2006, the court finds petitioner did not file the instant petition within the limitations period as provided under 28 U.S.C. § 2244(d)(1), and concludes the petition should be dismissed.

IT IS THEREFORE ORDERED that petition is dismissed as untimely filed.

**IT IS SO ORDERED.**

DATED:  This 9th day of January 2007 at Topeka, Kansas.


 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge